STATE OF NEBRASKA, APPELLEE, v. JOSEPH EUGENE PAPPAN, APPELLANT.

225 N. W. 2d 416

Filed January 30, 1975. No. 39574.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant has appealed from a conviction and sentence for burglary. The sole assignment of error relates to the refusal of the trial court to give a requested instruction.

The burglary occurred at Maplewood Estates, a mobile home park located near Omaha, Nebraska. On the evening of December 28, 1973, the defendant attended a party at the Maplewood Estates Clubhouse. He was a guest of Michael Gans, a resident of Maplewood Estates.

The clubhouse is a building containing a large recreation room, kitchen, pool room, card room, sauna and whirlpool baths, laundry, and office. After the party the defendant stayed on to help clean up the clubhouse. At about 3 a.m., the defendant, who had been bathing, went to the Gans trailer to get a towel. When Gans returned to the trailer and found the defendant was there, he told the defendant to return to the clubhouse and get his clothes.

At about 6 a.m., on December 29, 1973, the manager and his wife discovered that a window in the office at the clubhouse had been broken and the office ransacked. The coin box in one of the dryers had been broken into. The defendant was found lying on the floor behind a counter near the office. The keys to the coin boxes were found on the floor where the defendant had been lying and several items that had been taken from the office were found in his pockets. He was wearing shoes or boots which matched footprints found in the snow outside the broken window.

The defendant testified that after leaving the Gans trailer he returned to the clubhouse, reentered the whirlpool, and then dressed. He claimed that he was lying on the floor behind the counter because the rooms in the

clubhouse were chilly and he was trying to avoid a draft. He also claimed that he had started toward the Gans trailer sometime between 3 a.m. and 6 a.m. to make a phone call, but changed his mind and went back to the clubhouse.

The trial court correctly instructed the jury that before the defendant could be found guilty, the State was required to prove beyond a reasonable doubt that the defendant forcibly broke and entered the clubhouse with intent to steal. The defendant requested the trial court to give the following instruction: "Where entry of a building is made with the expressed or implied consent of the owner or his agent or one having apparent authority to consent, there can be no 'breaking' and therefore there is no burglary." The refusal to give this instruction is assigned as error.

Unlimited consent to enter a building is generally a defense to burglary, but a consent limited as to place, time, or purpose is not a defense if the entry occurred outside the limitation. People v. Hart, 132 Ill. App. 2d 558, 270 N. E. 2d 102; Annotation, 93 A. L. R. 2d 531.

The defendant in this case had at most a limited consent to enter the clubhouse. The defendant was authorized to enter the building to attend the party to which he had been invited, but there is no evidence that he had any authority to reenter the building after the party was over for any purpose other than obtaining his clothes. Before Gans left the clubhouse he had checked the doors to make sure they were locked. There were two guests still in the clubhouse when Gans returned to his trailer, but he saw them leave about 15 minutes later. Gans had not suggested the defendant stay in the clubhouse although earlier in the evening he had extended an invitation to the defendant to stay at the Gans trailer.

The requested instruction related to unlimited consent. It was not applicable under the evidence in this case and the refusal to give it was not error.

The judgment of the District Court is affirmed.

AFFIRMED.